## IN THE COURT OF APPEALS OF IOWA

No. 3-1089 / 12-1924
Filed February 19, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LAURA E. LOOTS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Des Moines County, Michael G. Dieterich, District Associate Judge.


        Laura Loots appeals the district court ruling denying her motion to suppress evidence discovered as a result of a traffic stop. **REVERSED AND REMANDED.**


        William Monroe, Burlington, for appellant.

        Thomas J. Miller, Attorney General, Jean Pettinger, Assistant Attorney General, Patrick C. Jackson, County Attorney, and Justin Stonebrook, Assistant County Attorney, for appellee.


        Considered by Doyle, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Laura Loots appeals the district court ruling denying her motion to suppress evidence discovered as a result of a traffic stop. Loots claims the record fails to show there was reasonable suspicion she was committing a crime when stopped for violating a local noise ordinance. We find the ordinance requires proof of two separate elements: that the sound be heard fifty feet from the motor vehicle, and create a noise disturbance. The record does not contain facts upon which we could objectively conclude there was a noise disturbance. Accordingly, there was no justification for the stop. We reverse and remand for a new trial.

**I.     Background Facts and Proceedings**

Late in the evening of April 28, 2012, Burlington Police Officer Ryan Smith (Smith) was parked in a parking lot talking with two reserve sheriff deputies when he heard a loud sound approach. Identifying the sound as coming from a vehicle, later found to be operated by defendant Laura Loots (Loots), Smith conducted a traffic stop for violation of a local noise ordinance. Upon reaching Loots's vehicle, Smith smelled "an intoxicating beverage and marijuana" coming from inside. Marijuana was discovered as the result of a search of the vehicle. Loots was given a citation for violating the noise ordinance and later charged with possession of a controlled substance.

Loots filed a motion to suppress claiming the vehicle stop was an unconstitutional seizure. During the suppression hearing, Smith testified he

stopped Loots because he could hear the music coming from her car from more than fifty feet away.[1]  No other reason for the stop was given.  Loots's attorney argued the Burlington City Code of Ordinances prohibits noise disturbances heard from more than fifty feet from the vehicle and further defines a noise disturbance as, in relevant part, a sound that annoys or disturbs a reasonable person of normal sensitivities.  Arguing the officers had not testified as to any annoyance or disturbance, but only that the sound could be heard from more than fifty feet away, Loots's attorney asked the court to suppress the evidence located during the search.  In response, the district court replied, "Well, the officers testified they could hear this noise more than fifty feet away.  I'm assuming that it annoyed the officer when he made the stop."  Overruling the motion to suppress, the court also pointed out Loots did not deny the officers allegation.

Loots waived her right to a jury trial and was convicted in a trial on the minutes of testimony.  She was sentenced to thirty days in jail with all but two days suspended, a $250 fine, surcharge, court costs and a 180-day driver's license revocation.

II.     **Standard of Review**

Constitutional challenges are reviewed de novo.  *State v. Kern*, 831 N.W.2d 149, 164 (Iowa 2013).  We independently evaluate the totality of the

---

[1] Reserve Deputy Benjamin Nahorny also testified during the suppression hearing.

circumstances based upon the entire record. *Id.* Deference is given to findings of fact made by the district court, but we are not bound by them. *State v. Turner*, 630 N.W.2d 601, 606 (Iowa 2001).

### III.    Discussion

Loots claims the district court should have suppressed the evidence found as a result of the search of her car because the vehicle stop was unconstitutional. More specifically, she faults the district court for assuming Smith had reasonable suspicion to conduct the stop.

The Fourth Amendment protects the right to be free from unreasonable searches and seizures.[2] U.S. Const. amend. IV. The amendment has been made applicable to the states through the Fourteenth Amendment of the United States Constitution. *See State v. Heminover*, 619 N.W.2d 353, 357 (Iowa 2000). Evidence obtained in violation of the Fourth Amendment is inadmissible. *Id.* Police stops of a vehicle are seizures which must not be unreasonable under the circumstances. *Id.*

Under *Terry v. Ohio*, 392 U.S. 1, 21 (1968) an officer may stop an individual based upon less than probable cause provided the officer can "point to specific and articulable facts, which taken together with rational inferences from those facts, reasonably warrant that intrusion." We are to use an objective standard, considering whether a "man of reasonable caution" would believe the action taken was appropriate, when considering the propriety of a stop. *Id.* at

---

[2] Loots also claims the seizure was illegal under the Iowa Constitution. Because she has not proposed a distinct interpretation for our state constitution as opposed to the Federal Constitution, we will apply law developed interpreting the United States Constitution. *See State v. Tyler*, 830 N.W.2d 288, 229 (Iowa 2013).

21–22. The State has the burden of proving, by a preponderance of the evidence, that probable cause existed to stop the vehicle. *State v. Louwrens*, 792 N.W.2d 649, 651–52 (Iowa 2010).

Smith conducted the stop under the belief Loots was violating the Burlington noise control ordinance. The ordinance makes it illegal to "create a noise disturbance fifty (50) feet from the device, when operated in or on a motor vehicle on a public right-of-way . . . ." Burlington, Iowa Code of Ordinances § 58.10(1)(B) (2012). A noise disturbance is further defined as "any sound of such character, intensity, and duration which . . . annoys or disturbs a reasonable person of normal sensitivities. Burlington, Iowa Code of Ordinances § 58.04(4). A plain reading of the ordinance requires proof of both a noise disturbance and the noise disturbance be heard fifty feet from the vehicle. Only noise that meets this two part definition is considered illegal; not all noise heard fifty feet from the vehicle would be considered a violation of the ordinance. The question is not, however, whether Loots was actually violating the ordinance, but whether the facts, known to Smith at the time of the stop, could lead a person of reasonable caution to believe Loots was violating the ordinance. *See Heminover*, 619 N.W.2d at 361. We examine the totality of the circumstances to determine whether "the record discloses articulable objective facts" available to Smith at the time to justify the stop. *State v. Donnell*, 239 N.W.2d 575, 578 (Iowa 1976).

Constrained as we are by the record, we are unable to locate facts that would allow Smith to conclude the noise was both audible from fifty feet from the vehicle and would annoy or disturb a reasonable person of normal sensitivities.

The only evidence provided was Smith was able to hear the sound from fifty feet away; there was no evidence the sound was annoying or disturbing to a reasonable person of normal sensitivities. We disagree with the district court that just because Smith stopped the car shows he was annoyed or disturbed by the sound. Smith justified the stop only by stating the sound could be heard from more than fifty feet.

Additionally, assuming Smith believed the only requirement for violation of the ordinance was sound being heard from such a distance, such an assumption would be a mistake of law. Mistakes of law cannot provide justification to conduct a stop. *See Louwrens*, 792 N.W.2d at 652–54. In *State v. Tyler*, a police officer stopped a vehicle when the officer observed both the front and rear license plates were covered by tinting. *Tyler*, 830 N.W.2d at 290–91. In a police report, the officer explained he stopped the vehicle because the plate was covered with a tinted material. *Id.* at 294. Our supreme noted Iowa law does not prohibit tinted covers, but rather any frame or cover which prevents full view of all numerals and letters on the plate. *Id.* The tinting on the plate did not prevent a full view of all numerals and letters. *Id.* The officer's mistaken understanding of law, when conducting the stop, invalidated the stop and all evidence discovered from it. *Id.* at 294–95.

We are currently presented with a similar situation. The record indicates Smith believed sound audible from a distance of greater than fifty feet created a violation of the ordinance, when in fact the sound must also have created a noise disturbance. The State has failed to provide any evidence the sound was

sufficient to constitute a noise disturbance.  Accordingly, the stop was improper and the evidence seized as a result should have been suppressed.  We reverse and remand to the district court for a new trial.

**REVERSED AND REMANDED.**